IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-1299-WDM-MEH

EIGHTH DISTRICT ELECTRICAL PENSION FUND, and BOARD OF TRUSTEES OF
THE EIGHTH DISTRICT ELECTRICAL PENSION FUND,

      Plaintiffs,

v.

LUDVIK ELECTRIC COMPANY,

      Defendant.

## ORDER OF DISMISSAL

Miller, J.

This case is before me on the Plaintiffs' Motion for Voluntary Dismissal Without Prejudice Under Rule 41(a)(2) (doc no 25). Defendant opposes the motion unless dismissal is with prejudice and Plaintiffs make various payments to Defendant, including attorneys' fees. For the reasons set forth below, the motion is granted. In addition, Defendants are awarded their attorneys' fees and costs incurred in defending this action.

Plaintiffs are a multi-employer pension plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* and its governing board. Plaintiffs filed this action seeking to compel Defendant to immediately pay quarterly payments assessed by the fund for partial withdrawal liability pursuant to 29 U.S.C. § 1391. Defendant filed a motion to dismiss (doc no 14) on August 22, 2006, arguing that Plaintiffs do not have a colorable claim of partial or complete withdrawal and that

Defendant would suffer irreparable harm if compelled to make the interim payments sought by Plaintiffs. Plaintiffs apparently notified Defendant of their intent to voluntarily dismiss the case pursuant to Fed. R. Civ. P. 41(a)(1)(I), which prompted Defendant to file an answer to the complaint, thus precluding Plaintiffs' unilateral voluntary dismissal of the case. The remaining briefing on the motion to dismiss has been stayed pending resolution of this motion.

Plaintiff then filed this motion seeking to voluntarily dismiss the case without prejudice, contending that the issues raised in the motion to dismiss were new and required Plaintiffs to reassess their claims. Defendant opposes the motion on the grounds that Plaintiffs have previously made claims for withdrawal liability but always withdrawn them upon Defendant's opposition. Accordingly, Defendant requests that the case be dismissed only if (1) Plaintiffs are ordered to return to Defendant all interim payments of partial withdrawal liability; (2) the case is dismissed with prejudice; (3) Defendant is awarded attorney fees and costs.

Voluntary dismissals after an opposing party has filed an answer or motion for summary judgment are governed by Fed. R. Civ. P. 41(a)(2) and are committed to the sound discretion of the Court. The rule is designed "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 165 (1971)). Accordingly, the key inquiry is whether the opposing party will suffer prejudice. *Id.* In making this determination, the factors to consider include the opposing party's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the movant in

prosecuting the action, and insufficient explanation for the need to take a dismissal. *Id.* (citations omitted).

I do not discern any prejudice to Defendant from a dismissal without prejudice at this juncture. The case has advanced little beyond the filing of initial pleadings and the motion to dismiss. Discovery and other deadlines have been suspended. Plaintiffs' motion was not delayed and Plaintiffs have provided an adequate explanation for their desire to dismiss the case. Accordingly, it is appropriate to dismiss the case without prejudice.

However, I agree with Defendant that, in light of the previous claims made and then withdrawn by Plaintiff, some conditions on the dismissal are appropriate. Fed. R. Civ. P. 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Although Defendant is not a prevailing party, I have discretion to reimburse Defendant for attorneys' fees because of the risk that Plaintiff will refile the suit and impose duplicative expenses on Defendant. *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). I decline to order Plaintiff to return any interim withdrawal liability payments made by Defendant because I make no ruling here on the propriety of such payments.

Accordingly, it is ordered:

1.     The Motion for Voluntary Dismissal Without Prejudice (doc no 25) is granted.

2.     This case is dismissed without prejudice.

3.     The motion to dismiss (doc no 14) is denied as moot.

4.     Defendant may be awarded its reasonable attorneys' fees and costs incurred in this

        action as a result of Plaintiffs' duplicative activities.  To recover the same,

        Defendant shall file an affidavit by March 1, 2007, which complies with

D.C.COLO.LCivR 54.1 and Section 7 of my Pretrial and Trial Procedures.

DATED at Denver, Colorado, on February 12, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge